## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:11CR116 |
| Plaintiff, | : | Judge Timothy S. Black |
| v. | : | |
| DANIEL FURROW, | : | |
| Defendant. | : | |

### PRELIMINARY ORDER OF FORFEITURE OF DEFENDANT DANIEL FURROW'S ASSETS

Upon the Motion of the United States for a Preliminary Order of Forfeiture, and the Court's review of the evidence in the record, including the Plea Agreement, the Court HEREBY FINDS THAT:

1. The Defendant plead guilty to Count One of the Information charging him with Possession of Child Pornography in violation of 18 U.S.C. § 2252(a)(4)(B), and agreed to the immediate forfeiture, pursuant to 18 U.S.C. § 2253, of his interest in:

   a. any visual depiction described in 18 U.S.C. § 2253(a)(1), or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110; and

   b. any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

c. any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

2. The Defendant has an interest in the following property (hereinafter referred to as the "Subject Property"):

   a. Seagate Barracuda 7200 Hard Drive, Serial No. 5L3L9X9;
   b. Western Digital Hard Drive, Serial No. WMA951011727;
   c. Maxtor Hard Drive, Serial No. 9QG7WWPA;
   d. Western Digital Hard Drive, Serial No. WMAM9TU77895;
   e. Maxtor Hard Drive, Serial No. Y69ANMBE;
   f. Hitachi Hard Drive, Serial No. VNVC02G3E9LMVT.

3. The Subject Property is forfeitable, pursuant to 18 U.S.C. § 2253, as a visual depiction described in 18 U.S.C. § 2253(a)(1) or any other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110; and as property used or intended to be used in Defendant's offense alleged in Count One.

4. The United States has established the requisite nexus between the Subject Property and the Defendant's offenses.

THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Defendant shall hereby forfeit, pursuant to 18 U.S.C. § 2253, his interest in:

   a. any visual depiction described in 18 U.S.C. § 2253(a)(1), or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in Defendant's offense in Count One of the Indictment charging him with Possession of Child Pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2); and

b. any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

c. any property, real or personal, used or intended to be used to commit or to promote the commission of the Defendant's offense in Count One of the Indictment charging him with Possession of Child Pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2).

2. The Defendant shall hereby forfeit, pursuant to 18 U.S.C. § 2253, the following specific property (hereinafter referred to as the "Subject Property"):

   a. Seagate Barracuda 7200 Hard Drive, Serial No. 5L3L9X9;
   b. Western Digital Hard Drive, Serial No. WMA951011727;
   c. Maxtor Hard Drive, Serial No. 9QG7WWPA;
   d. Western Digital Hard Drive, Serial No. WMAM9TU77895;
   e. Maxtor Hard Drive, Serial No. Y69ANMBE;
   f. Hitachi Hard Drive, Serial No. VNVC02G3E9LMVT.

3. The Defendant having agreed to the immediate forfeiture of the Subject Property, this Preliminary Order of Forfeiture is final as to the Defendant. This order remains preliminary as to third parties until the ancillary proceeding is concluded.

4. The United States is authorized to seize the Subject Property, whether held by the defendant or a third party; conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture; and to commence proceedings that comply with any statutes and federal rules governing third party rights, in accordance with Fed. R. Crim. P. 32.2(b)(3).

5. In accordance with the direction provided by the Attorney General and Federal Rule of Criminal Procedure 32.2(b)(6), the United States shall publish notice of this Preliminary Order of Forfeiture and send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding. Publication must take place as

described in Supplemental Rule G(4)(a)(iii) of the Federal Rules of Civil Procedure, and may be by any means described in Supplemental Rule G(4)(a)(iv). Publication is unnecessary if any exception in Supplemental Rule G(4)(a)(i) applies.

6. The notice must describe the forfeited property, state the times under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the Assistant United States Attorney to be served with the petition. The notice may be sent in accordance with Supplemental Rules G(4)(b)(iii)-(v) of the Federal Rules of Civil Procedure.

7. Any person, other than the Defendant, filing a petition to contest the forfeiture of specific property, must sign the petition under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

8. If a third party files a petition asserting an interest in the Subject Property, the court will conduct an ancillary proceeding.

9. When the ancillary proceeding ends, the court will enter a final order of forfeiture by amending the preliminary order as necessary to account for any third-party rights. If no third party files a timely petition, this Preliminary Order of Forfeiture will become the Final Order of Forfeiture.

10. The United States shall have clear title to the Subject Property following the court's disposition of all third party interests, or if no third party petitions are timely filed, following the expiration of the period provided by statute for the filing of third party petitions.

11. The Court shall retain jurisdiction to enforce this order; and to amend it as necessary, pursuant to Fed. R. Crim P. 32.2(e).

Dated: 1/25/2012

SO ORDERED:

*Timothy S. Black*

TIMOTHY S. BLACK
UNITED STATES DISTRICT COURT